UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| C.B. FLEET COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KURT BOWKER, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:12-cv-01510-JCM-PAL <br><br> **ORDER** <br><br> (Mtn to Extend Svs Time - Dkt. #10) |

This matter is before the court on Plaintiff C.B. Fleet Company, Inc.'s Motion for Extension of Time to Serve the Complaint and Summons (Dkt. #10) filed December 21, 2012. The court has considered the Motion; the Affidavit of Plaintiff's counsel, Mr. Nathaniel Bruno; and the various exhibits attached to the Motion.

**BACKGROUND**

Plaintiff filed its Complaint (Dkt. #1) on August 24, 2012. The Complaint alleges claims pursuant to the Lanham Act, 15 U.S.C. § 1125(a), against Defendant Kurt Bowker. Plaintiff, the manufacturer of LaxEase brand laxative products, alleges that Defendant registered the internet domain name laxease.com and used the website to advertise a "LaxEase" brand of products in direct competition with Plaintiff's own products. Additionally, Plaintiff alleges Defendant falsely used Plaintiff's address, post office box number, and telephone number on the website.

After filing the Complaint, Plaintiff retained a private investigator to locate Defendant. The investigator discovered only one Kurt Bowker located in Clark County, Nevada, and Plaintiff served Bowker with process on August 30, 2012. That Mr. Bowker contacted Mr. Bruno and "explained to counsel in a credible way that he had no knowledge of LaxEase or its website until he was served with the instant Complaint." Bruno Aff. at ¶ 3. Next, Mr. Bruno instructed the investigator to serve process

on the address listed on the laxease.com domain registration. On September 10, 2012, the investigator attempted service at that address but did not locate any Kurt Bowker there, and no one else at the address had knowledge of Mr. Bowker or laxease.com. *Id.* at ¶ 4; *see also* Investigator's Report, attached as Exhibit 1 to Motion. On October 5, 2012, Mr. Bruno sent a letter to GoDaddy.com, LLC, the domain registration company that registered the laxease.com domain, advising GoDaddy.com that the laxease.com domain was false and requesting it be cancelled. *See* Letter, attached as Exhibit 2 to Motion. The same day, GoDaddy.com responded that the laxease.com site was placed on a "locked" status. *See* E-mail, attached as Exhibit 3 to Motion. GoDaddy.com also identified Liquid Web, Inc., as hosting provider for the laxease.com site. *See* E-mail, attached as Exhibit 4 to Motion.

On October 17, 2012, Mr. Bruno sent a cease and desist letter to Liquid Web. *See* Letter, attached as Exhibit 5 to Motion. Liquid Web responded to Plaintiff's counsel and advised that: (a) laxease.com was hosted by a reseller; (b) Liquid Web had contacted the reseller to inform them about Mr. Bruno's letter; and (c) Liquid Web had removed the laxease.com data from its server. *See* Bruno Aff. at ¶ 6. Liquid Web did not, however, disclose the identities of the reseller or the laxease.com domain registrant. *Id.*

On October 25, 2012, Mr. Bruno received a letter from Mr. Wright Noel, advising Mr. Bruno that Mr. Noel represented the entity responsible for maintaining the laxease.com site. *Id.* at ¶ 7. Mr. Noel wrote that the site was created by a third party to allow Mr. Noel's client to evaluate the third party's website-building skills. *See* Letter, attached as Exhibit 6 to Motion. The letter relayed Mr. Noel's client's apologies but did not disclose the client's identity. *Id.*

On November 30, 2012, after monitoring the website to ensure it had not been reinstated, Plaintiff's counsel contacted Mr. Noel to propose a resolution of this case. *Id.* at ¶ 8. Mr. Noel has not disclosed his client's identity or the identity of the third party who created the laxease.com site. *Id.* Mr. Bruno and Mr. Noel have been engaged in settlement negotiations since December 12, 2012. *Id.* at ¶ 9.

## **DISCUSSION**

Rule 4(m) provides that service of a complaint and summons must be made within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). If service is not effected, the court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant

or direct that service be effected within a specified time." *Id.* Additionally, the Rule provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.*

In *De Tie v. Orange County,* 152 F.3d 1109, 1111-12 & n.5 (9th Cir. 1998), the Ninth Circuit cited the 1993 amendments to Rule 4(m), which provide that if a plaintiff shows good cause for failing to serve a complaint within 120 days, the court *shall* extend the time for service. *Id.* at 1111. Moreover, even if a plaintiff does not show good cause, the court *may* extend the time for service. *Id.* at 1111 n.5; *see also United States v. 2,164 Watches, More or Less Bearing on the Trademark of Guess? Inc.,* 366 F.3d 767,772 (9th Cir. 2004) (citing *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001)) ("courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause"). The Ninth Circuit has found that good cause generally means: (a) service was attempted but not completed; (b) plaintiff was confused about the requirements of service; or (c) plaintiff was prevented from serving defendant by factors beyond plaintiff's control. *See, e.g., Mateo v. M/S KISO,* 805 F.Supp. 792, 795 (N.D. Cal. 1992), *abrogated on other grounds by Brockmeyer v. May,* 361 F.3d 1222 (9th Cir. 2004), (citing *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985)). Here, Plaintiff has attempted service on two occasions, hired a private investigator to locate and serve Defendant, and researched the available leads to locate Defendant Kurt Browker or whoever used the name Kurt Browker to register the laxease.com domain name. Plaintiff's counsel has engaged in settlement negotiations with Mr. Noel, who purportedly represents the entity who maintained the website, which Mr Noel refuses to identify. Under these circumstances the court finds good cause to grant the motion,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve the Summons and Complaint (Dkt. #10) is GRANTED. Plaintiff shall have until **March 15, 2013,** in which to serve process on Defendant Kurt Bowker.

Dated this 14th day of January, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE